# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.: 1:19-cr-055 |
| VS. | : | JUDGE BLACK |
| JACK SEAY. | : | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America, by and through undersigned counsel, and respectfully submits the following Sentencing Memorandum for the Court's consideration.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney

*s/Ashley N. Brucato*
ASHLEY N. BRUCATO (0090989)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: Ashley.Brucato@usdoj.gov

# MEMORANDUM

## I. INTRODUCTION

The defendant, Jack Seay, entered a plea of guilty to Count 1 of the Indictment charging him with a Possession of a Machinegun in violation of 18 U.S.C. § 922(o). The Presentence Investigation Report (PSR) calculates Seay's advisory Guideline range to be twenty-four (24) to thirty (30) months imprisonment and recommends a term of imprisonment of 24 months. Pursuant to the parties' proposed Rule 11(c)(1)(C) Plea Agreement, the parties agreed sentencing disposition calls for a sentence of not more than 24 months. There are no unresolved objections to the PSR and per the Plea Agreement, the Government recommends that Seay be sentenced to no greater than 24 months incarceration.

## II. FACTUAL BACKGROUND

In March 2019, the Department of Homeland Security (DHS) and the Bureau for Alcohol, Tobacco, Firearms and Explosives (ATF) were investigating several shipments of Glock conversion devices from China to customers in the United States. These Glock conversion devices when placed on a firearm, convert a semi-automatic firearm into a fully automatic firearm – meaning a converted firearm could discharge multiple rounds of ammunition with a single trigger pull. Because possession of these devices violates federal law, both DHS and ATF were collectively working to identify shipments and recover these devices in the United States.

During their efforts, agents learned that Seay was a recipient of a Glock conversion device shipped from China on October 22, 2018. Agents also discovered that Seay had recently ordered other firearm parts that were not illegal, but suggested that Seay may be in possession of

firearms as well. Because Seay was a convicted felon and prohibited from possessing firearms, agents obtained a search warrant for Seay's residence.

On April 24, 2019, agents executed a search warrant at Seay's home where he resided with his girlfriend. The agents knocked on the door and Seay answered. When asked about the Glock conversion device, Seay told agents he had ordered the device and offered to retrieve it for the agents. Officers did retrieve the device and continued with their search. During the search, agents did not find any firearms. However, agents did find a bin labeled "Do Not Open" that contained black powder, electric matches, galvanized pipes, victim operated firing switches, time firing switches, mercury switches, circuit boards, homemade blasting caps, improvised devices, hobby fuse, batteries and literature about explosive devices. These items are commonly used to manufacture homemade explosive devices.

After the search, Seay was arrested and interviewed. He was cooperative and explained that he had an interest in firearms, but he knew he was prohibited from possessing firearms and did not possess any firearms. He told agents that he had sought a pardon for his felony conviction so that he may one day possess firearms, and that he considers himself a firearms and circuit boards hobbyist.

The Glock conversion device Seay possessed is, by definition, a machine gun. Therefore, Seay was charged with one count of Possession of a Machine Gun in violation of 18 U.S.C. § 922(o). He timely notified the United States Attorney's Office of his intent to accept responsibility and plead guilty. On August 21, 2019, the defendant entered a guilty plea to Count One of the Indictment.

## III. SENTENCING CALCULATION

In fashioning its sentence, this Court should first consider the applicable advisory guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id.* Seay's base offense level pursuant to U.S.S.G. § 2K2.1(a)(4)(B) is 20 because he was a prohibited person at the time of the offense and the offense involved a firearm described in 26 U.S.C. § 5845(a). (PSR, ¶ 36). He receives a 3-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 17. (*Id.* at ¶ 43-45). Seay's criminal history score is zero and falls into a criminal history category of I. (*Id.* at ¶ 54). Therefore, Seay's advisory sentencing imprisonment range is 24 months to 30 months. (*Id.* at ¶ 84).

## IV. § 3553(a) FACTORS

The Court is required to impose a sentence that is sufficient but not greater than necessary. 18 U.S.C. § 3553(a). In addition to considering the advisory guideline range, the Court is required to consider the sentencing factors outlined in 18 U.S.C. § 3553(a) before arriving at the final sentence. These factors include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) . . . the sentencing range established . . . [by the Guidelines];

> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the day of sentencing[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The nature and circumstances of the instant offense are concerning. Seay possessed the Glock conversion device, multiple firearms parts, and items that could be used to manufacture an explosive device, including literature on explosive devices. However, the Government acknowledges that while Seay possessed a Glock conversion device and other firearms parts, he did not possess a firearm. In addition, while Seay's possession of the Glock conversion device was illegal, his possession of the other firearm parts was legal. Moreover, Seay was cooperative with law enforcement and voluntarily agreed to an interview with law enforcement to address law enforcement's concerns.

Seay's history and characteristics demonstrate that Seay has led a mostly law-abiding life for the last thirty years. Seay's most recent felony conviction before this offense was in 1990 for aggravated robbery and Seay served approximately eight years in prison. (PSR, ¶ 49). Since being released in 1998, Seay had minimal contacts with law enforcement before this offense. In addition, the Government recognizes Seay is attending counseling for mental health disorders and that his health has suffered significantly since his arrest. As described in the Addendum to his PSR, Seay has undergone several surgeries related to cardiovascular issues and complications related to his treatment. Furthermore, the Government recognizes that Seay's environment and upbringing as a child likely contributed to later substance abuse and criminality in his twenties. In sum, the United States acknowledges that Seay's history and characteristics present mitigating

circumstances for the Court to consider in fashioning a sentence that is sufficient but not greater than necessary.

The Court must also consider the need for the sentence imposed and the kinds of sentences available. Relevant to Seay, the Court should consider Seay's current health conditions that have required medical treatment in the past year. As noted in the Addendum, Seay has been in and out of the hospital and most recently was hospitalized in December 2020. The Government also acknowledges that Seay's particular medical conditions present a greater risk to him during the ongoing COVID-19 pandemic. In considering his health, the Court may determine that a period of home confinement in lieu of traditional incarceration will not only protect the public from future crimes by Seay, but also will afford Seay and opportunity to treat his medical conditions. Furthermore, a sentence of not more than twenty-four months will promote respect for the law and afford adequate deterrence.

Moreover, the Court must consider Seay's advisory guideline range, which in this case is a term of imprisonment of 24 to 30 months. Seay is asking the Court to sentence him to time served followed by a period of supervised release, which is a substantial variance from his guideline range. If the Court is inclined to sentence Seay to a non-custodial sentence, the Government would request that the sentence imposed be a term of probation that includes a period of home confinement.

Furthermore, the Court is required to fashion a sentence that avoids unwarranted sentencing disparities among defendants with similar records that have been found guilty of similar conduct. In his Sentencing Memorandum, Seay cites to other cases where defendants in this district have received non-custodial sentences for firearms related offenses. (R. 21). Seay's offense conduct is different from the cases he cites in that Seay did not possess a gun and he

possessed components of a homemade destructive device, but not a completed destructive device. In addition, it appears that Seay, like the defendants in the cases Seay cites, has been compliant while on pre-trial release.

## V.     CONCLUSION

The Government asks the Court to accept the proposed Rule 11(c)(1)(C) Plea Agreement in this case, which requires the sentence in this case not exceed a 24-month term of imprisonment. The Government recognizes Seay's serious health issues and the impact of the ongoing COVID-19 pandemic, as well as Seay's history and characteristics. However, the nature of the instant offense was serious and Seay's possession of firearm parts, the Glock conversion device, and various items that could be used to make an explosive device is concerning. As such, if the Court is inclined to follow Seay's recommendation and impose a non-custodial sentence, the Government would ask that the sentence imposed include a period of home confinement.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney

*s/Ashley N. Brucato*
ASHLEY N. BRUCATO (0090989)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: Ashley.Brucato@usdoj.gov